IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

          Plaintiff,                            ORDER

      v.                                    09-cr-105-bbc-01

JOSEPH McQUALITY

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Joseph McQuality's supervised release was held on April 13, 2012, before U. S. District Judge Barbara B. Crabb. The government appeared by Assistant U. S. Attorney Peter M. Jarosz. Defendant was present in person and by Associate Federal Defender Kelly A. Welsh. Also present was U.S. Probation Officer Michael J. Nolan.

From the record and the stipulation of the parties, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Northern District of Illinois on March 23, 2006, following his conviction for dealing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). This offense is a Class D felony. Defendant was also convicted of possessing firearms not registered to him in the national firearms registration and transfer record in

violation of 26 U.S.C. § 5861(d). This offense is a Class C felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 42 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on June 9, 2009. Jurisdiction was transferred to the Western District of Wisconsin on July 20, 2009.

Defendant violated Standard Condition No. 2, requiring him to report to the probation officer as directed, when on January 9 and February 6, 2012, he failed to report to the U.S. Probation Office. He further violated Standard Condition No. 2, requiring him to submit a truthful and complete written report within the first five days of the month, by submitting his monthly report forms late in December 2011 and January 2012.

Defendant violated the Statutory Condition requiring him to refrain from committing another federal, state, or local crime; and Special Condition No. 1, requiring him to have a valid license and insurance before operating a motor vehicle, when he operated a motor vehicle without a valid license or proof of insurance on December 14, 2011, and January 22, 2012 .

Defendant violated Standard Condition No. 11, requiring him to notify the probation officer within 72 hours of police contact when he had contact with the Dunn County Sheriff's Department on January 19, 2012 and failed to report the contact to his supervising probation officer.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court may revoke supervised release,

extend the term of supervised release or modify the conditions of supervision upon a finding of a Grade C violation.

CONCLUSIONS

Although defendant's violations warrant revocation, I am reluctant to revoke his supervised release when he has a job and seems finally to have achieved some measure of stability in his living arrangements. However, defendant must demonstrate a greater sense of responsibility to fulfilling his obligations to the supervising probation officer if he wants to continue on supervised release. Accordingly, I will continue this hearing until May 17, 2012 at 1:20 p.m. to provide defendant an opportunity to show that he can follow the instructions of his supervising probation officer.

ORDER

IT IS ORDERED that the hearing on the probation office's petition for judicial review of defendant Joseph McQuality's supervised release is continued until May 17, 2012 at 1:20 p.m.

Entered this 16th day of April, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge